IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR KENT COUNTY

|                                          |     |                           |
|------------------------------------------|-----|---------------------------|
| JOYCE HENRY,                             | :   |                           |
|                                          | :   | C.A. No: K14C-03-002 RBY  |
| Plaintiff,                               | :   |                           |
|                                          | :   |                           |
| v.                                       | :   |                           |
|                                          | :   |                           |
| MIDDLETOWN FARMERS MARKET,               | :   |                           |
| LLC, a Delaware limited liability company, | : |                           |
| d/b/a DUTCH COUNTRY FARMERS              | :   |                           |
| MARKET, JEANETTE L. WATERS and           | :   |                           |
| FRANCES DUSELL,                          | :   |                           |
|                                          | :   |                           |
| Defendants.                              | :   |                           |

*Submitted: December 5, 2014*
*Decided: January 14, 2015*

***Upon Consideration of Defendants Jeanette L. Waters
and Francis Dusell's Motion to Dismiss
DENIED***

**ORDER**

Scott E. Chambers, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware for Plaintiff.

Middletown Farmers Market, LLC, *pro se.*

Jeanette L. Waters, *pro se.*

Frances Dusell, *pro se.*

Young, J.

## SUMMARY

Jeanette Waters and Francis Dusell ("Defendants") have filed a second Motion to Dismiss in this unusual case, involving injuries sustained from an airborne farmer's market vendor table. Having recently obtained Joyce Henry's ("Plaintiff") medical records, Defendants seek to bolster their argument that there are no facts to support Plaintiff's claim of negligence. In particular, Defendants contend Plaintiff suffered from a number of preexisting medical conditions that are the true cause of her injuries.

In framing their motion, Defendants have cited to evidence outside of the pleadings – the Plaintiff's medical records, which were recently produced to Defendants through discovery. The Court must, therefore, review the filing as a Motion for Summary Judgment. The proper standard of review, however, is immaterial to this Court's decision. The factual issues in this case are far from decided. The freshly produced evidence, and the Defendants' new argument regarding causation, only underscores this point. Therefore, Defendants' Motion for Summary Judgment is **DENIED**.

## FACTS AND PROCEDURES

On April 7, 2012, Plaintiff attended an open air market, called Dutch Country Farmers Market, where she allegedly sustained injuries from the airborne vendor table. It is alleged that the table was swept up by a gust of wind, and while landing, made impact with the Plaintiff's person. Defendants, both attending the market as vendors, are said to be the owners of said table.

Plaintiff filed a negligence action against Defendants, claiming they negligently

failed to secure the table to the ground, allowing the table to be susceptible to the elements. Plaintiff attributes the table's flight to this negligence, resulting in the injuries she alleges from its downward trajectory.

Defendant Waters previously filed a Motion to Dismiss the present action, on June 19, 2014. The Court denied this motion on September 8, 2014. Since that time, the parties have conducted discovery, most recently resulting in production of Plaintiff's medical records. Defendants move, yet again, to dismiss the action.

## STANDARD OF REVIEW[1]

Summary judgment is granted upon showing that there is no genuine issue of material fact, where the moving party is entitled to judgment as a matter of law.[2] The Court views the evidence in the light most favorable to the non-moving party.[3] The moving party bears the burden of showing that no material issues of fact are present, but once a motion is supported by such a showing, the burden shifts to the non-moving party to demonstrate that there is a genuine dispute as to material issues of fact.[4]

## DISCUSSION

It must first be stated that the Defendants' Motion to Dismiss will be viewed as a summary judgment motion. In drafting their motion, Defendants cited to matters

---

[1] The Court treats Defendants' motion to dismiss as a summary judgment motion.

[2] Super. Ct. Civ.R. 56(c).

[3] *Windom v. Ungerer*, 903 A.2d 276, 280 (Del. 2006).

[4] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

outside of the pleadings, requiring this Court, therefore, to treat Defendants' filing as a summary judgment motion.[5] Defendants' motion appears to be prompted by the receipt of Plaintiff's medical records through discovery.

On summary judgment, it is the moving party's burden to establish that all major factual issues are resolved, such that a reasonable trier fact could not find for the opposing party.[6] In their motion, Defendants claim that Plaintiff has not articulated "[j]udicial facts."[7] Given the context of Plaintiff's claim, the Court understands this to mean there are no facts supporting the allegation that (1) Defendants were negligent in not securing their vendor table; and (2) that the impact from the table caused Plaintiff's injuries. With particular reference to the newly received medical records, Defendants argue that many of the conditions Plaintiff suffers from, predate the avian table accident.

The Court finds that the substance of Defendants' motion, which largely consists of tying Plaintiff's injuries to her prior medical record, belies any argument for granting summary judgment. Aside from the main factual issues, in regard to which Defendants merely repeat their prior positions[8], their new argument (again,

---

[5] *Mell v. New Castle Cnty*, 835 A.2d 141 (Del. Super. Ct. 2003).

[6] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995) ("[i]f the facts permit reasonable persons to draw from them but one inference, the question is ripe for summary judgment").

[7] Defendant's Motion to Dismiss, at p.1.

[8] For example, Defendants make arguments regarding the wind conditions on that day, calling the gust that lifted the table an "act of nature." The Defendants' made this same argument in their motion to dismiss, filed on June 19, 2014, which this Court denied on September 8, 2014.

based upon the recently acquired medical records) manifests how far from resolved the factual questions in this case are. Contending that Plaintiff's injuries preceded the impact from the table simply provides another factual matter to be decided by the jury. Defendants' motion has created more factual disputes, rather than having resolved them.

## CONCLUSION

For the foregoing reasons, Defendants' motion is **DENIED**.

**IT IS SO ORDERED**.


          /s/ Robert B. Young
                    J.


RBY/lmc
oc:    Prothonotary
cc:    Scott E. Chambers, Esq.
       Middletown Farmers Market, LLC, *pro se*
       Jeanette L. Waters, *pro se*
       Frances Dusell, *pro se*
       Opinion Distribution
       File